UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANLEY H. RICHMOND, SIMONE JOY RICHMOND and JORDAN RICHMOND,

Plaintiffs,

vs.

DORIS E. PRYOR,

Defendant.

No. CV06-1483RSL

ORDER GRANTING MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Dismiss," (Dkt. #7), "Defendant's Second (And Concurrent) Motion to Dismiss" (Dkt. #9) and "Plaintiff's Motion for Remand . . . and Plaintiff's Motion for Abstention" (Dkt. #12). Defendant seeks to dismiss plaintiffs' claims on three grounds: (1) the lack of personal jurisdiction over Ms. Pryor; (2) plaintiffs' failure to join indispensable parties; and (3) the existence of a similar, earlier filed, federal action in New Jersey. Plaintiffs oppose defendant's motions to dismiss and move to remand the action to state court because this Court lacks subject matter jurisdiction.

## II. FACTUAL BACKGROUND

Mignon Richmond died on November 24, 2004, while temporarily living in Washington State. Stanley Richmond, her husband, was appointed executor of her estate and eventually filed a probate action in the Superior Court of Washington for King County.

The current dispute involves the proceeds of a Prudential group life insurance policy (the

ORDER GRANTING MOTION TO DISMISS -1

"Policy") that Mignon Richmond obtained while working at Xerox Corporation. Under the terms of the Policy, the proceeds were to be paid as follows:

> If there is a Beneficiary for the insurance, it is payable to that Beneficiary. Any amount of insurance for which there is no Beneficiary at your death will be payable to the first of the following: Your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

Mignon Richmond designated her husband Stanley as the primary beneficiary under the Policy, and her children Jordan and Simone Richmond as contingent beneficiaries. Following her death, however, in what appears to be a mistaken attempt to channel the proceeds of the Policy into the estate, Stanley, Jordan and Simone Richmond all proceeded to execute irrevocable disclaimers of any interest in the proceeds. These disclaimers were then filed in the King County probate action and copies of the disclaimers were delivered to Prudential at its offices in New Jersey. Stanley Richmond, as executor, then made a claim to Prudential for the Policy proceeds on behalf of the estate. To the apparent surprise of the Richmond family, Prudential then informed them that the disclaimers actually had the effect of making Mignon Richmond's surviving parent, defendant Doris Pryor, the sole beneficiary under the Policy. The Richmonds now attempt to revoke their previously executed disclaimers.

On February 3, 2006, Prudential interpled the insurance proceeds at issue in a federal civil action pending in the United States District Court for New Jersey, No. 06-0525 (JAG), <u>The Prudential Insurance Company of America v. Jordan Marc Richmond, Simone Joy Richmond, Doris E. Pryor, Stanley H. Richmond, individually and as Executor of the Estate of Mignon Richmond, and the Estate of Mignon Richmond</u>. Almost four months later, Stanley, Jordan and Simone Richmond filed their "Trusts and Estates Disputes Resolution Act ("TEDRA") Petition to Amend and Declare Void a Portion of Filed Disclaimers" in the existing King County probate action. The action was later removed to this Court by defendant based on diversity of citizenship and because the case involves a federal question.

ORDER GRANTING MOTION TO DISMISS -2

## III. DISCUSSION

**A. Subject Matter Jurisdiction**

In their motion for remand, plaintiffs assert that removal was improper because this Court lacks subject matter jurisdiction under the diversity of citizenship provision contained in 28 U.S.C. §1332. Plaintiffs do not dispute that complete diversity of citizenship exists and it is clear that none of the plaintiffs are citizens of Texas where defendant resides. Rather, plaintiffs argue that the amount in controversy fails to meet the $75,000 threshold required to obtain diversity jurisdiction. In support of this contention, plaintiffs argue that they seek merely to reform the disclaimers and that there is "no request for a money judgment in any amount." Motion to Remand at p. 2.

Plaintiffs' assertion that the amount in controversy fails to exceed the $75,000 threshold is contradicted by the plain language of their complaint, which explicitly alleges unjust enrichment and seeks a resulting trust in "in the event all or any part of the insurance proceeds are paid to respondent Doris E. Pryor." Complaint at p. 6. The insurance proceeds total $663,500. Recovery of these proceeds is the sole object of plaintiffs' suit.

But even if plaintiffs were correct in their assertion that the complaint contains no request for a money judgment, this fact on its own is not sufficient to nullify diversity jurisdiction. In a similar context, the Supreme Court held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1988). Hunt involved an action brought by the Washington State Apple Advertising Commission seeking declaratory and injunctive relief and challenging the constitutionality of a North Carolina statute which prohibited the display of Washington State apple grades on closed containers shipped into the state. The Advertising Commission sought no money damages, but instead sought to have the statute declared unconstitutional and to enjoin its enforcement. In determining that the requisite jurisdictional amount had been met, the Court found that the object of the litigation was "the right of the individual Washington apple growers and dealers to conduct their business

ORDER GRANTING MOTION TO DISMISS -3

affairs in the North Carolina market free from the interference of the challenged statute," and that "[t]he value of that right is measured by the losses that will follow from the statute's enforcement." Id.  Here, the object of the litigation is the restoration of plaintiffs' rights to the proceeds of the Policy.  The value of that right is $663,500, which puts the amount in controversy well above the $75,000 threshold for diversity jurisdiction.[1]

Plaintiffs also allege that this Court lacks subject matter jurisdiction due to the probate exception to federal diversity jurisdiction.  A federal court's equity jurisdiction does not include the authority to decide cases which would require it to, "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 494 (1946); see also, Sutton v. English, 246 U.S. 199, 205 (1918).  The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court.  If so, the parties will have to litigate their claims there.  But where the suit merely seeks to enforce a claim between parties, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed. Lamberg v. Callahan, 455 F.2d 1213, 1216 (2d Cir. 1972).  Other circuits have also used this test. See Bedo v. McGuire, 767 F.2d 305, 306-07 (6th Cir. 1985); Rienhardt v. Kelly, 164 F.3d 1296, 1300 (10th Cir. 1999); Sianis v. Jensen, 294 F.3d 994, 998-99 (8th Cir. 2002) (applying the same test, and finding that a Nebraska district court did have jurisdiction over a trust action, where state law did not give the probate court exclusive jurisdiction over the trust).

Under this standard, the probate exception does not apply to this case.  Plaintiffs' current action to "reform the disclaimers" could be brought as an ordinary civil action under the theories of mistake of fact, rescission and unjust enrichment that are advanced in their complaint. Though plaintiffs' claim here is related to the probate action, it is not, as plaintiffs describe it, a

---

[1] Plaintiffs also argue that no federal question exists that would provide subject matter jurisdiction.  Because the Court has determined that diversity jurisdiction exists, the Court need not address that question.

ORDER GRANTING MOTION TO DISMISS -4

"pure probate matter." Response at p. 7. Though RCW 11.96A.040(1) grants the superior courts of Washington "original jurisdiction" to adjudicate "the probate of wills and the administration of estates," the insurance proceeds at issue here were never an asset of Mignon Richmond's Estate. It is precisely because they were not part of the estate that plaintiffs sought to disclaim their interests in the Policy in the first place. Nor would the proceeds pass to the estate if plaintiffs were successful in revoking their disclaimers. Instead, the proceeds would flow directly to plaintiffs as beneficiaries. And though TEDRA also confers "original jurisdiction" on the same courts "to administer and settle matters that relate to nonprobate assets," RCW 11.96.040(3), "non-probate assets" do not include a "payable on death provision of a life insurance policy, annuity, or other similar contract, of or an employee benefit plan . . . ." RCW 11.02.005(15). There is therefore no risk that the Court's jurisdiction over this matter would interfere or conflict with any state probate action. Diversity jurisdiction is proper. As such, plaintiffs' motion for remand is denied.[2]

**B. Personal Jurisdiction**

Defendant argues that plaintiffs' suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because plaintiffs have failed to establish that this Court has personal jurisdiction over her. Plaintiffs respond by arguing that the issues presented in this action "are purely probate issues" and that "[j]urisdiction over an interested party in a probate matter does not require, or even involve the jurisdictional requirements of *International Shoe*." Response at p. 3, 10.

When a defendant moves to dismiss based on lack of personal jurisdiction, "the plaintiff bears the burden of showing that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2003). In determining whether a plaintiff has

---

[2] In connection with their motion for remand, plaintiffs seek attorney's fees under Rule 11. Response at p. 6. As the Court's opinion makes clear, it is far from "obvious" that the amount in controversy is inadequate to sustain diversity jurisdiction. Plaintiffs' request for fees is therefore denied.

ORDER GRANTING MOTION TO DISMISS -5

established a *prima facie* case of personal jurisdiction, any uncontested allegations in the complaint must be taken as true and any conflicts between the parties regarding statements in supporting affidavits must be resolved in plaintiff's favor. Id. at 800.

A district court applies the law of the state in which it is located to determine the existence of personal jurisdiction. Peterson v. Kennedy, 771 F.2d 1244, 1262 n.12 (9th Cir. 1985). Washington's long-arm statute "authorizes courts to exercise jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution." MBM Fisheries, Inc. v. Bollinger Mach. Shop and Shipyard, Inc., 60 Wn. App. 414, 423 (1991); RCW 4.28.185(1)(a)-(b). For a forum state to have personal jurisdiction over an out-of-state defendant, that defendant must "have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

Personal jurisdiction over a defendant can be based on either general or specific jurisdiction. "Where a defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, there is a sufficient relationship between the defendant and the state to support 'general personal jurisdiction' even if the cause of action is unrelated to the defendant's forum activities." Peterson, 771 F.2d at 1261 (citing Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977)). Where general personal jurisdiction is lacking, a court may exercise "limited" or "specific" personal jurisdiction depending upon "the nature and quality of the defendant's contacts in relation to the cause of action." Data Disc, Inc., 557 F.2d at 1287.

Plaintiffs have made no attempt to argue that defendant has sufficient contacts with the State of Washington to have availed herself of its jurisdiction. Doing so would have been difficult given that defendant has not conducted business in Washington and has only been to the state once, for approximately one day, on matters unrelated to this lawsuit. Instead, plaintiffs appear to believe that they can evade the constitutional requirements imposed by International

ORDER GRANTING MOTION TO DISMISS -6

Shoe by simply characterizing their action as a probate matter. See Response at p. 3. In support of this argument, plaintiffs argue at length that notice by mail is sufficient to establish jurisdiction in probate matters under Washington law. The defect alleged by defendant in this case is not a lack of adequate notice, however, but rather the absence of "minimum contacts" with Washington State that would enable courts here to enter judgment affecting defendant's interests. Such restrictions on jurisdiction are constitutional, not statutory, in nature. As the Supreme Court has explained, such limitations

> are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him.

Hanson v. Dencklaus, 357 U.S. 235, 250 (1958).[3] Without any evidence that defendant here has sufficient Washington contacts to satisfy the state's long-arm statute, the Court finds that plaintiffs have failed to establish that either general or specific personal jurisdiction lies. As a result, defendant's motion to dismiss is granted.[4]

**C. Attorney's Fees**

Defendant also requests attorney's fees under RCW 4.28.185(5). The Court grants defendant's request. Washington law authorizes the award of attorney's fees in situations such

---

[3] Plaintiffs assert that probate matters are immune from such constitutional restrictions, but cites no authority to justify this contention. Aside from the question of whether plaintiffs' characterization of this case as a "probate" matter is accurate, Hanson v. Dencklaus itself involved a probate question and the Court there found that personal jurisdiction was lacking. 357 U.S. at 247-48 ("Whatever the efficacy of a so-called 'in rem' jurisdiction over assets admittedly passing under a local will, a State acquires no in rem jurisdiction to adjudicate the validity of inter vivos dispositions simply because its decision might augment an estate passing under a will probated in its courts. If such a basis of jurisdiction were sustained, probate courts would enjoy nationwide service of process to adjudicate interests in property with which neither the State nor decedent could claim any affiliation.").

[4] Defendant also moves to dismiss the case under the first-to-file doctrine and because of plaintiffs' failure to join necessary parties. Because the Court has already dismissed plaintiffs' claims, the Court need not address these additional grounds for dismissal.

ORDER GRANTING MOTION TO DISMISS -7

as this in order to "compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction." Scott Fetzer Co. v. Weeks, 114 Wn.2d 109, 122 (Wash. 1990). As such, defendant shall submit, within ten days of the date of this Order, a statement of her reasonable attorney's fees consistent with the principles laid out by the Washington Supreme Court in Weeks. See Id. at 121-24.

## IV. CONCLUSION

For all the foregoing reasons, defendant's first motion to dismiss (Dkt. #7) is GRANTED without prejudice due to a lack of personal jurisdiction. Defendant's second motion to dismiss (Dkt. #9) is DENIED as moot. Plaintiffs' motion for remand and abstention is DENIED (Dkt. #12).

DATED this 26th day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS -8