UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANLEY H. RICHMOND, *et al.*,

    Plaintiffs,

    v.

DORIS E. PRYOR,

    Defendant.

Case No. C06-1483RSL

ORDER REGARDING AWARD OF ATTORNEY'S FEES AND COSTS

On January 26, 2007, the Court issued an Order dismissing this action against defendant Doris Pryor for lack of personal jurisdiction and granting her request for attorney's fees and costs under RCW 4.28.185(5). (Dkt. #15). The Court ordered defendant to file a statement of her reasonable costs and fees. Pryor has requested $22,225.89 in fees and costs. Plaintiffs do not contest the hourly rates charged by Pryor's lawyers and support staff or the costs requested. Plaintiffs, however, object to the amount of the fees, arguing that the billing invoices reflect excessive, unnecessary, and duplicative time entries.

In Washington, the "lodestar" method is the starting point for fee calculations. The lodestar fee is determined by multiplying the hours reasonably expended in the

ORDER REGARDING AWARD OF
ATTORNEY'S FEES AND COSTS - 1

litigation by each lawyer's reasonable hourly rate of compensation.  <u>Bowers v. Transamerica Tile Ins. Co.</u>, 100 Wn.2d 581, 597 (1983).  The burden of demonstrating that a fee is reasonable is on the fee applicant, who must provide documentation sufficient "to inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work."  <u>Scott Fetzer Co. v. Weeks</u>, 122 Wn.2d 141, 151 (1993) ("<u>Fetzer</u> II") (internal citation and quotation omitted).  The Court follows two additional principles in determining the appropriate amount of fees:

> First, a prevailing defendant should not recover more than an amount necessary to compensate him for the added litigative burdens resulting from the plaintiffs' use of the long-arm statute.  Second, where the defendant prevails by obtaining a ruling that jurisdiction under the long-arm statute does not properly lie, his award should not exceed the amount in attorney fees he would have incurred had he presented his jurisdictional defense as soon as the grounds for the defense became available to him.

<u>Scott Fetzer Co. v. Weeks</u>, 114 Wn.2d 109, 120 (1990) ("<u>Fetzer</u> I").  In this case, plaintiffs concede, and the Court finds, that Pryor raised her jurisdictional defense promptly and did not incur any additional fees by delaying.

The Court also considers whether the requested amount exceeds the amount necessary to compensate Pryor for the added litigative burdens resulting from plaintiffs suing her in Washington.  It does not appear that any of the work performed would have been performed anyway in another forum.  Instead, plaintiffs allege that the fees requested are excessive in light of the relatively small amount of work performed, which included reviewing the filings and other background work, removal, researching and drafting the motion to dismiss, and researching and drafting the reply in support of that motion and in opposition to plaintiffs' motion to remand.  Plaintiffs have noted, without any explanation, the billing entries that they believe are duplicative, unnecessary and/or

ORDER REGARDING AWARD OF
ATTORNEY'S FEES AND COSTS - 2

1 excessive.  The Court considers that argument in light of its duty to determine a
2 "reasonable" fee.  See RCW 4.28.185(5); Fetzer II, 122 Wn.2d at 151 (explaining that to
3 determine reasonable hours under the long-arm statute, "courts should attempt to
4 determine the amount of time it would take a competent practitioner to recognize the
5 jurisdictional issue, research the relevant law, discover pertinent facts, and then prepare,
6 file and prevail upon a CR 12(b)(2) motion").  The Court has considered prohibiting
7 recovery for the time that Pryor's Texas counsel spent reviewing the filings and the
8 amount of time her Texas and Washington counsel spent conferring with each other.
9 Pryor's Washington counsel is competent and certainly did not require supervision.
10 However, plaintiff would not have had to engage Washington counsel if plaintiffs had
11 sued her in her home state of Texas.  Plaintiffs' Texas counsel was familiar with Pryor
12 and the factual background, while Washington counsel was not.  The Court finds that the
13 fees and costs incurred by Pryor's Washington and Texas counsel were reasonable.

14 　　　　Based on the foregoing, the Court AWARDS Pryor her reasonable attorney's fees
15 and costs in the amount of $22,225.89, which shall be paid within thirty days of the date
16 of this Order.

18 　　　　DATED this 9th day of March, 2007.

　　　　　　　　　　　　　　　　　　/s/ Robert S. Lasnik
　　　　　　　　　　　　　　　　　　Robert S. Lasnik
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER REGARDING AWARD OF
ATTORNEY'S FEES AND COSTS - 3